UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA A. PARR,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:25-cv-00538-LK<br><br>ORDER DISMISSING CASE |

　　　　This matter comes before the Court sua sponte. On March 26, 2025, pro se plaintiff Victoria Parr filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. *See* Dkt. Nos. 1, 1-1. On April 1, 2025, Judge Tsuchida found that Ms. Parr's IFP application omitted information necessary to determine her ability to pay court fees and costs, and accordingly directed her to show cause by April 29 why the application should not be denied. Dkt. No. 4 at 2.

　　　　Between April 10 and April 29, 2025, Ms. Parr filed several letters. In addition to being substantively non-responsive, many of the letters are addressed to Judge Ricardo Martinez, who is not the presiding judge in this case. Ms. Parr's first letter (addressed to Judge Martinez) indicates that her case is "secretive" and "of the Highest Administration in the country with all in computed";

ORDER DISMISSING CASE - 1

1 that Nancy J. Solomon, M.D. represents the United States, William Gates, M.D. represents
2 Microsoft, and Hillary Clinton, M.D. is on a "board of physicians under the President of the United
3 States"; that George Bush "is military jurisdiction, John Hopkins, Point Loma & Bethesda
4 Medical"; that Ms. Parr is a "United States Validation Witness" and is "NOT MANAGED CARE";
5 that Ms. Parr requests a "Service Order" and the Court should mail her receipts to Hillary Clinton
6 and prepare checks in the amounts of $1,068.84 and $1,907.23. Dkt. No. 5 at 1 (internal quotations
7 omitted).

8      In another letter—this one addressed to Judge Tsuchida—Ms. Parr states that she "ha[s]
9 been appointed her own Magistrate Judge," that Hillary Rodham Clinton is Ms. Parr's pro bono
10 lawyer, that all fees should be paid by the United States, and that Ms. Parr should be reimbursed
11 for the cost of mailing in her pleadings. Dkt. No. 7 at 2. The next letter states that Ms. Parr is
12 "waiving the court costs" and requests that the Court reimburse her $35,000 for "Travel Per Diem
13 Expenses – (San Diego)." Dkt. No. 8 at 1 (internal quotations omitted).

14      The subsequent letters continue along similar lines. Ms. Parr's fifth letter again declares
15 that costs are waived, and requests that the Court pay her $277.86. Dkt. No. 9 at 1. The sixth letter
16 reiterates that Ms. Parr has been appointed her own magistrate judge. Dkt. No. 10 at 2. The seventh
17 letter is again addressed to Judge Martinez. Dkt. No. 11 at 1. And the eighth letter (the last one
18 filed before the show cause deadline) once again states that Ms. Parr is "waiving the court costs"
19 and requests that the Court process a $10 million payment to her. Dkt. No. 12 at 1.[1] None of Ms.
20 Parr's letters are responsive to the show cause order, Dkt. No. 4, and she has thus failed to show
21 that IFP status should be granted to her.

22      The Court has also reviewed Ms. Parr's proposed complaint, Dkt. No. 1-1, which names

---

[1] Ms. Parr has continued to file other, non-responsive letters after the April 29 show cause deadline elapsed. Dkt. Nos. 13–14.

ORDER DISMISSING CASE - 2

Judge Martinez, Richard Troberman, Jean Harstein, and Hillary Rodham Clinton as defendants. It makes conclusory statements unrelated to any discernible legal theory, and for its statement of claim, simply asks a question rather than alleging facts that might support a claim: "Preapproved, we waiting a long time and are expecting response. What do you suggest?" Dkt. No. 1-1 at 5. These allegations are so vague that they do not even rise to the level of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]

In addition, the proposed complaint appears to relate to an earlier complaint Ms. Parr filed in 2024, in 2:24-cv-00256-RSM, *Parr v. Baumgarnder Law Office, United States of America and Bush Law Group*. In that case (over which Judge Martinez presided), Ms. Parr made wide ranging claims that included identity theft, lack of acknowledgment of life, the filing of false paperwork, and cancellation of power of attorney, and named several defendants including Barack Obama. No. 24-cv-00256-RSM, Dkt. No. 24 at 2. She alleged, among other things, that "Obama purchased oil" and that defendants owed "7 billion . . . textbook monies separate – Bill Gates 140B." *Id.* Judge Martinez dismissed the case because Ms. Parr failed to state a claim. *See id.* at 3. To the extent Ms. Parr's proposed complaint in this action names Judge Martinez because he dismissed her 2024 complaint, that claim is barred because "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *see also Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

---

[2] The allegations elsewhere in the proposed complaint are equally deficient:

> [Jurisdiction:] I Dismissed AVEO because of Bias Affecting the outcome. 2-24-cv-000256 RSM. I am having Discrimination at the Courthouse level by unknown stigmatism. AFN also Jean Enersen I do not want to lost time spent, or start over. Generalized I have Troberman Attorney and I am not physically capable of waiting any longer.
>
> . . .
>
> [Amount in Controversy:] Enclosed receipts of $1,059.84. Demand now postage reimbursement justified and approved along with Asking question on where to I go for other payment? Troberman has one originating in the courthouse was continued back then for interference. We need to resume.

Dkt. No. 1-1 at 3, 5.

ORDER DISMISSING CASE - 3

In sum, the Court finds that Ms. Parr's proposed complaint, even liberally construed, is frivolous within the meaning of Section 1915(e)(2)(B)(i). A pleading is "factually frivolous" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Because Ms. Parr's complaint is frivolous, it is dismissed without leave to amend, *see Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

\* \* \*

For the reasons explained above, Ms. Parr's proposed complaint is DISMISSED without leave to amend and her IFP application is DENIED. Dkt. Nos. 1, 1-1. The Clerk of Court is directed to terminate this action.

Dated this 21st day of May, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge